LONG BRANCH EDUCATION ASSOCIATION, INC., PETITIONER-APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF LONG BRANCH, MONMOUTH COUNTY, RESPONDENT-APPELLEE.

Superior Court of New Jersey
Appellate Division

Argued May 11, 1976—Decided May 20, 1976.

Before Judges HALPERN, CRANE and MICHELS.

*Mr. Michael D. Schottland* argued the cause on behalf of appellant (*Messrs. Chamlin, Schottland & Rosen,* attorneys; *Mr. Thomas W. Cavanagh, Jr.,* on the brief).

*Mr. Richard D. McOmber* argued the cause on behalf of appellee (*Messrs. McOmber & McOmber,* attorneys).

264

*Mr. William F. Hyland,* Attorney General, filed a statement in lieu of brief on behalf of the State Board of Education (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Ms. Jane Sommer,* Deputy Attorney General, on the brief).

PER CURIAM. Petitioner appeals from a determination of the State Board of Education affirming a decision of the Commissioner of Education concerning the supervision of elementary school pupils by teachers during the lunch period. Petitioner contends that the Commissioner did not properly deal with the issues in the case.

We have carefully reviewed the record and have concluded that the determination of the State Board of Education should be affirmed essentially for the reasons expressed in the decision of the Commissioner. We are satisfied that the Commissioner had jurisdiction to determine the controversy. *Red Bank Bd. of Ed. v. Warrington, et al,* 138 *N. J. Super.* 564 (App. Div. 1976). We are also satisfied that he correctly held that the decision of the local board to assign teachers to lunchroom supervision was a matter of educational policy. We further find that there is substantial evidence in the record to support the conclusion of the Commissioner, that the assignment of teachers to such duty was a change of form only, and did not constitute the imposition of an additional work load. We agree that petitioner has not proven a breach of the collectively negotiated agreement.

Since petitioner did not appeal from the judgment of the Chancery Division, we decline to pass on the points raised with respect to the judgment.

We find no merit in petitioner's additional points, namely that it was deprived of due process because the Commissioner sits as secretary of the State Board of Education, because petitioner was not provided with a copy of a law committee report and because no oral argument was permitted.

Affirmed.